UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>QUINN T. HINKLE,<br><br>　　　　　　Defendant. | CASE NO. CR16-5530 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, GRANTING MOTIONS TO SEAL, AND GRANTING THE GOVERNMENT'S MOTION TO FILE OVERLENGTH RESPONSE |

This matter comes before the Court on Defendant Quinn T. Hinkle's ("Hinkle") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), Dkt. 429, Hinkle's motion to seal, Dkt. 430, and the Government's motion to seal, Dkt. 438, and motion for leave to file overlength briefs, Dkt. 436. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for compassionate release and grants the motions to seal and motion to file overlength response for the reasons stated herein.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

On July 6, 2017, Hinkle plead guilty to charges of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkts. 185; 186. As part of the plea agreement, the parties agreed to recommend the mandatory minimum 10-year prison term. Dkts. 323; 329. On October 20, 2017, Judge Ronald B. Leighton[1] sentenced Hinkle to 120 months custody, as recommended by the parties. Dkts. 331; 332. Hinkle has served approximately 46 months of his sentence and is projected to be released on May 23, 2025. Dkt. 429 at 3.

On September 18, 2020, Hinkle filed a motion for compassionate release, Dkt. 429, and a motion to seal, Dkt. 430. On October 1, 2020, the Government responded, Dkt. 437, and filed a motion to seal, Dkt. 438, and a motion for leave to file overlength briefing, Dkt. 436. On October 7, 2020, Hinkle replied. Dkt. 440.

## II. DISCUSSION

### A. Motions to Seal and Motion to File Overlength Response

Regarding the motions to seal, Hinkle and the Government assert that the exhibits they submitted in support of the motion and response respectively contain Hinkle's personal and medical information and should remain under seal. Dkts. 430, 438. The Court agrees that this information should remain confidential and therefore grants the motions. The Court also grants the Government's unopposed motion to file a response in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington.

---

[1] Following Judge Leighton's retirement from the federal bench, this case was reassigned to the Court on September 2, 2020. Dkt. 428.

**B.      Motion for Compassionate Release**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> \*\*\*
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

### 1. Extraordinary and Compelling Reasons

Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20,

> 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful and instructive and are consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other

risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Hinkle has extraordinary and compelling reasons.[2]

In this case, Hinkle may have extraordinary and compelling reasons to warrant compassionate release or a reduction in his sentence. Hinkle argues that a chronic medical condition, a Body Mass Index ("BMI") of 38, and his age, 49-years-old, increase his vulnerability to severe complications from COVID-19 and are extraordinary and compelling reasons. Dkt. 429 at 5. According to the CDC, obesity, i.e. a BMI between 30 and 40, increases the risk of severe illness from COVID-19.[3] The CDC also recognizes that severe illness from COVID-19 increases with age, but makes clear that people in their 40s have a lower risk for severe illness than individuals in their 50s, 60s, or 70s.[4]

---

[2] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country on whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

[3] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Oct. 6, 2020).

[4] Center for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Sept. 11, 2020).

The Court finds that Hinkle may have extraordinary and compelling reasons to warrant compassionate release. While the Court has previously found that obesity alone does not constitute an extraordinary and compelling reason, *see Gray*, 2020 WL 5759792, at *2–3, Hinkle has presented evidence that his age also contributes to his risk of severe infection. Additionally, Hinkle is housed at the Federal Correction Institute in Sheridan, Oregon ("FCI Sheridan"), which Hinkle asserts that, at the time of filing, had five active cases. Dkt 429 at 5. The BOP is currently reporting that FCI Sheridan has zero active cases and the five inmates who had tested positive have now recovered.[5] Considering these factors, Hinkle may have extraordinary and compelling reasons to warrant his release.

### 2. Public Safety

Once a defendant has established that extraordinary and compelling reasons exist to warrant release or a reduction in sentence, the defendant must also show that they no longer present a danger to the safety of any other person or to the community. USSG § 1B1.13(2). In making this determination, the Court looks to the nature and circumstances of Hinkle's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* 18 U.SC. § 3142(g).

Even assuming that Hinkle has established extraordinary and compelling reasons, he has failed to establish that he is no longer a danger to the public's or any other

---

[5] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Oct. 15, 2020).

person's safety. The nature and circumstances of Hinkle's underlying offense are of concern to the Court: agents found with five kilograms of methamphetamine, 225 grams of cocaine, more than four kilograms of marijuana, and more than 100 grams of Oxycodone pills, as well as a North American Arms .22 LR mini-revolver in Hinkle's residence. Dkt. 437 at 2. Hinkle also has a lengthy criminal history, including a federal conviction for conspiracy to distribute methamphetamine. *See id.* at 4. Additionally, Hinkle has four recent infractions at FCI Sheridan from May and July 2020: one for refusing to obey an order, two for being in an unauthorized area, and one for failing to follow safety regulations. Sealed Dkt. 431-4.

Hinkle asserts that he has strong family and community ties that weigh against him reoffending. Dkt. 429 at 7. But the support from family, community, and probation does not by itself mean that Hinkle is not a danger to the public. Considering his lengthy criminal history, circumstances of the underlying crime, and his recent infractions while at FCI Sheridan, the Court finds that Hinkle has not established that he does not pose a danger to the public if released.

### 3. 18 U.S.C. § 3553(a) Factors

If the Court were to find that Hinkle had extraordinary and compelling reasons warranting compassionate release and that he poses no danger to others or the community, the Court would consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Cosgrove*, CR15-230-RSM, 2020 WL 1875509, at *4 (W.D. Wash. Apr. 15, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13). The relevant factors include (i) "the nature and circumstances of the offense and the history and

characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (iv) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Even if Hinkle had met the first two requirements to warrant compassionate release, the Court would not find that Hinkle is entitled to compassionate release in consideration of the 3553(a) factors. The lock-down measures prisons across the country like FCI Sheridan have undergone to mitigate the spread of the pandemic may have made confinement much more punitive than was contemplated at sentencing; Hinkle has even less freedom when there are COVID-19 related limitations of movement in the prison setting. But Hinkle has almost five years remaining until his proposed release date. Releasing Hinkle now or even reducing his sentence to home confinement would render a great disparity from the original sentence. The § 3553(a) factors that Judge Leighton considered when sentencing Hinkle are just as relevant and pertinent now when considering his motion for compassionate release. The Court therefore concludes that Hinkle has not established an entitlement to warrant a reduction of his sentence from imprisonment from FCI Sheridan.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Hinkle's motion for compassionate release, Dkt. 429, is **DENIED** without prejudice, Hinkle's and the Government's motion to seal, Dkts. 430, 438, is **GRANTED**, and the Government's motion for leave to file overlength response, Dkt. 436, is **GRANTED**.

Dated this 19th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge