UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>QUINN T. HINKLE,<br><br>            Defendant. | CASE NO. CR16-5530 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Quinn Hinkle's motion to reduce sentence and request for compassionate release. Dkt. 453. The Court has considered the briefings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

In June 2017, Hinkle was charged by Second Superseding Indictment with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, Possession with Intent to Distribute – Cocaine, Methamphetamine, and Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 2,

922(g)(1), 924(a)(2), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i). Dkt. 158. On July 6, 2017, Hinkle plead guilty to Conspiracy to Distribute Controlled Substances and Felon in Possession of a Firearm. Dkt. 185.

As part of the plea agreement, the parties agreed to recommend the mandatory minimum 10-year prison term. Dkts. 323, 329. On October 20, 2017, the Honorable Ronald B. Leighton[1] sentenced Hinkle to 120 months custody, as recommended by the parties. Dkt. 332. Hinkle is currently housed at the Federal Correctional Institute in Sheridan, Oregon ("FCI Sheridan") and is scheduled to be released on May 23, 2025.

In September 2020, Hinkle moved for compassionate release, arguing that his chronic medical condition (a Body Mass Index of 38) and his age (49-years-old) increased his vulnerability to severe illness or death from COVID-19. Dkt. 429. The Court denied his motion and concluded that, while Hinkle may have had extraordinary and compelling reasons warranting release, the sentencing factors under 18 U.S.C. § 3553(a) did not support release. Dkt. 441.

On July 4, 2021, Hinkle filed the instant motion to reduce sentence and request for compassionate release, Dkt. 453, and a motion to seal, Dkt. 454. Here, he argues that FCI Sheridan's "failure to provide competent medical care to treat his serious medical conditions" present extraordinary and compelling reasons warranting his release. Dkt. 453 at 1. On July 19, 2021, the Government responded, Dkt. 458, and filed a motion for

---

[1] This case was reassigned to the undersigned on September 2, 2020 following Judge Leighton's retirement from the federal bench. Dkt. 428.

leave to file overlength briefing, Dkt. 457, and a motion to seal, Dkt. 459. On July 26, 2021, Hinkle replied. Dkt. 461.[2]

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

---

[2] In regard to the motions to seal, the parties assert that the exhibits filed in support of their briefing should remain under seal because they contain Hinkle's personal, medical information. Dkts. 454, 459. The Court agrees and GRANTS the motions. The Court also GRANTS the Government's unopposed motion to file briefing in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington. Dkt. 457.

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> \*\*\*
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir.

1  2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG

2  § 1B1.13 is helpful guidance to the Court when exercising its discretion.

3  Therefore, on a defendant-initiated motion under the First Step Act, the defendant

4  must show that they have extraordinary and compelling reasons to warrant their release,

5  and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

6  **A.  Extraordinary and Compelling Reasons**

7  Following the Ninth Circuit's decision in *Aruda*, district courts are compelled to

8  exercise their discretion in considering what constitutes an extraordinary and compelling

9  reason to warrant a reduction in sentence or compassionate release. Here, Hinkle argues

10  that he is not receiving necessary or competent medical treatment at FCI Sheridan and

11  that his life is in danger because of that. Dkt. 453 at 2–3.

12  Hinkle asserts that on May 1, 2021, he went to the FCI Sheridan clinic

13  complaining of shortness of breath and dizziness. He states that the nurse who treated

14  him noted that he was anxious and dizzy, but she did not reach a conclusion as to the

15  cause of his symptoms. Hinkle returned to his room to rest, and later that same day he

16  returned to the clinic, again complaining of shortness of breath and dizziness but also

17  reported right flank pain for a month and left flank pain for the last three days. He asserts

18  that he was seen by "a lay health care staff employee" (i.e., a paramedic) who noted that

19  Hinkle had a history of blood clots in his legs, diagnosed Hinkle with dehydration, and

20  sent Hinkle back to his room. *Id.* at 2. On May 2, 2021, Hinkle collapse on the floor of

21  the dining hall and was subsequently seen by a nurse and sent to the hospital. He was

22  then diagnosed with blood clots in both his lungs and partially obstructing blood clots in

his left calf and thigh. He was placed on blood thinning medication and returned to FCI Sheridan. He asserts that he was seen by a nurse on May 3, 2021 but that he did not see a physician until May 14, 2021. He asserts that he has not received the necessary follow up care he was advised of at the hospital and that he has tried to report symptoms of dizziness with no response from the prison medical staff. *See* Dkt. 453-2.

Hinkle additionally provides the declaration of Dr. Marc Stern, a specialist in correctional health care, to support his argument that he is not receiving necessary or competent care. *See* Dkt. 453-3. Dr. Stern reviewed Hinkle's medical records from September 28, 2020 to May 26, 2021 and opines that the care Hinkle received "from the nurse on the morning of May 1 was poor and fell below the standard of care." *Id.*, ¶ 5. He also opines that the care Hinkle received "from the lay employee [i.e., a paramedic] on the afternoon of May 1 was unconscionable and outrageous." *Id.*, ¶ 6.

While not binding on Hinkle's motion, USSG § 1B1.13 provides that extraordinary and compelling reasons exist when a defendant is "suffering from a serious physical or medical condition . . . and from which he or she is not expected to recover." USSG 1B1.13, cmt. 1(A)(ii). Hinkle argues that his blood clots are a serious medical condition and that FCI Sheridan's insufficient medical care contributed to his medical emergency and continues to put him at risk for death. Dkt. 453 at 7.

The Government argues that Hinkle's medical conditions are chronic conditions that can be managed in prison and are not a sufficient basis for compassionate release. Dkt. 458 at 10 (quoting *United States v. Ayon-Nunez*, No. 1L16-CR-00130-DAD, 2020 WL 705785, at *2–3 (E.D. Cal. Feb. 12, 2020)). The Court agrees. Upon a review of

Hinkle's medical records and Dr. Stern's declaration, the Court concludes that Hinkle has not shown that his condition is one from which he is not expected to recover as opposed to a chronic condition. Chronic but manageable medical conditions alone do not constitute extraordinary and compelling reasons warranting release. *See United States v. Arceo*, No. 09-CR-616-EJD-1, 2020 WL 2614873, at *2 (N.D. Cal. May 22, 2020). The language found USSG 1B1.13 considers medical conditions that, by their nature, cannot be treated effectively in prison. FCI Sheridan sent Hinkle to the hospital because of his symptoms and has provided follow up care based on his diagnosis of deep vein thrombosis. FCI Sheridan has been treating Hinkle's chronic condition, though he contests its adequacy and practices.

Hinkle's arguments are largely based on his assertion that the health services system at FCI Sheridan is inadequate. But the Court agrees with the Government that Hinkle has alternative avenues to obtain improved medical care. *See, e.g.*, *United States v. Miller*, No. 15-cr-00471-CRB-1, 2021 WL 2711728, at *4 (N.D. Cal. 2021) ("The ordinary remedy for ongoing, constitutionally inadequate care is an order that does 'not allow [such] constitutional violations to continue,' even if that order involves an 'intrusion into the realm of prison administration.'" (quoting *Brown v. Plata*, 563 U.S. 493, 511 (2011)). Though the Court has wide discretion to consider any extraordinary and compelling reason, *see Aruda*, 993 F.3d at 802, challenges about the conditions of confinement are better suited to be considered under a habeas petition and not under a motion for compassionate release.

1       The facts here are also distinguishable from the recent cases from this Court

2 regarding medical care and compassionate release. In *United States v. Carter*, No. CR15-

3 211 MJP, Dkt. 358 (W.D. Wash. Jan. 20, 2021), this Court granted compassionate release

4 for a defendant who suffered from diabetes, hypertension, and obesity. The Court

5 concluded that FCI Sheridan's "lack of consistent medical monitoring of [the

6 defendant's] diabetes" put his overall health at risk, especially in the context of COVID-

7 19. *Id.* at 3. It was within the context of COVID-19 that this Court granted compassionate

8 release. Concerns about COVID-19 are not present in Hinkle's current motion.

9       Additionally, *United States v. Farrell*, No. CR15-029, Dkt. 100 (W.D. Wash. June

10 14, 2021), is distinguishable. There, the Court granted compassionate release for a

11 defendant who was suffering long term, continuing, and *untreated* symptoms from a

12 previous COVID-19 diagnosis. *Id.* at 4–7. The Court concluded that FCI Sheridan's

13 "unexplained delay or justification in following the prison's doctor's order for what may

14 be a potentially serious cardiopulmonary or other organ system condition [was]

15 unacceptable." *Id.* at 7. Based on the "unique facts" of the case, the Court granted

16 compassionate release. *Id.* But that uniqueness is not present in Hinkle's motion. FCI

17 Sheridan has provided treatment for Hinkle's ongoing condition—whether that treatment

18 is adequate is better suited for the Court to consider under a habeas petition so that the

19 Court could order FCI Sheridan to improve the conditions of Hinkle's confinement.

20       In sum, Hinkle has not met his burden in establishing extraordinary and

21 compelling reasons warranting his release.

22

**B.      18 U.S.C. § 3553(a) Factors**

Even assuming that extraordinary and compelling reasons have been established, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (iv) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

In its previous order on Hinkle's first motion for compassionate release, the Court improperly placed the burden on Hinkle to prove that he was not a danger to the community—a burden the Court concluded that he had not met. *See* Dkt. 441 at 7–8. Even though the Court in its previous order improperly weighed Hinkle's dangerousness pursuant to USSG § 1B1.13, *see United States v. Grimes*, No. CR11-5509 BHS, 2021 WL 319404, at *1–2 (W.D. Wash. Jan. 26, 2021), the Court did not expressly address public safety in consideration of the § 3553(a) factors.

The Court's conclusion that Hinkle's lengthy criminal history and infractions at FCI Sheridan renders him a danger to the public has not materially changed and must be

weighed in conjunction with the other § 3553(a) factors. The Court previously concluded, and affirms again here, that the other § 3553(a) factors most militate against compassionate release. The Court's conclusion that the § 3553(a) factors do not support granting compassionate release remains, even when the Court removes the burden to prove that he is not a danger to the community from Hinkle.

The Court acknowledges that Hinkle has made strides in his personal development while in custody and has the support of his family and his community. While he is to be commended for his desire to become a productive member of society, for the other reasons stated in this Order and the Court's previous order, these positive steps do not alter the Court's § 3553(a) analysis. *See* Dkt. 441 at 8.

Hinkle's motion for compassionate release is, therefore, denied without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Hinkle's motion to reduce sentence and request for compassionate release, Dkt. 453, is **DENIED**. It is hereby further **ORDERED** that Hinkle's motion to seal, Dkt. 454, and the Government's motion for leave to file overlength briefing, Dkt. 457, and motion to seal, Dkt. 459, are **GRANTED**.

Dated this 16th day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge