UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.

QUINN T. HINKLE,

                        Defendant.

CASE NO. CR16-5530 BHS

ORDER

This matter comes before the Court on Defendant Quinn T. Hinkle's motion to appoint counsel, Dkt. 468. The Court has considered the motion and the remainder of the file and denies the motion for the reasons stated below.

Hinkle pled guilty to Conspiracy to Distribute Controlled Substances and Felon in Possession of a Firearm and Ammunition and was sentenced to 120 months in custody. Dkts. 186, 331. He is currently housed at the Federal Correctional Institute in Sheridan, Oregon.

In August 2020, counsel was appointed for Hinkle, Dkt. 427, and shortly after, he sought compassionate release, arguing he was at high risk of contracting COVID-19 given his underlying medical conditions, Dkt. 429. This Court denied Hinkle's motion,

1    holding that although Hinkle may have extraordinary and compelling reasons warranting

2    his release, he failed to establish that he does not pose a danger to the public if released,

3    and his release was not warranted under the factors set forth in 18 U.S.C. § 3553(a). Dkt.

4    441.

5           In July 2021, Hinkle again sought compassionate release pursuant to 18 U.S.C.

6    § 3582(c)(1), arguing he had "extraordinary and compelling reasons" based on Sheridan's

7    failure to provide competent medical care to treat his medical conditions. Dkt. 453. The

8    Court again denied Hinkle's motion, holding that Hinkle had failed to show extraordinary

9    and compelling circumstances justifying his release because his underlying medical

10   conditions were chronic, complaints about adequacy of medical care are better situated

11   for habeas petitions, and his release was not warranted under the § 3553(a) factors. Dkt.

12   463.

13          Through appointed counsel, Hinkle appealed. Dkt. 465. Hinkle's attorney

14   withdrew, and Hinkle moved for substitute counsel. Dkt. 467. The Ninth Circuit denied

15   that motion. *Id.* Hinkle apparently sought counsel a second time, and the Ninth Circuit

16   also denied that motion. Dkt. 469.

17          Hinkle now asks this Court to appoint counsel. Dkt. 468. Hinkle argues that there

18   are issues that are too complex for him to deal with pro se and that his counsel did not

19   withdraw because he viewed Hinkle's claims as frivolous, but instead withdrew because

20   he does not typically handle appeals. *Id.* He also points out that he has limited access to

21   the library at Sheridan because of COVID-19 lockdowns. *Id.*

22

1        Hinkle's motion is denied for two reasons. First, this Court cannot grant such a

2  motion because Hinkle's appeal divested this Court of jurisdiction. *See United States v.*

3  *Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) (citing *Griggs v. Provident Consumer Discount*

4  *Co.*, 459 U.S. 56, 58 (1982)) ("Once a notice of appeal is filed, the district court loses

5  jurisdiction over a case."). The Ninth Circuit Court of Appeals has jurisdiction over this

6  issue.

7        Second, there is no right to counsel in 18 U.S.C. § 3582(c)(2) proceedings. *United*

8  *States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996). Hinkle is correct that courts

9  have discretion to appoint counsel in compassionate release cases. The Ninth Circuit's

10  discretionary decision was not to appoint counsel for this appeal. Even if this Court had

11  jurisdiction, the Court sees no reason to diverge from the Ninth Circuit's two denials to

12  appoint counsel.

13        Therefore, it is hereby **ORDERED** that Defendant Quinn T. Hinkle's motion to

14  appoint counsel, Dkt. 468, is **DENIED**.

15        Dated this 22nd day of November, 2021.

16

17

18                        BENJAMIN H. SETTLE

                           United States District Judge

19

20

21

22